UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>M&J MANAGEMENT COMPANY, LLC, d/b/a )<br>THE SEXTON COMPANIES, )<br>SEXTON CARLYLE LLC, )<br>REMINGTON COURT LLC, )<br>SEXTON WINDSOR, LLC, )<br>)<br>Defendants. ) | No. 1:22-cv-00612-TAB-JPH |

**ORDER ON DEFENDANTS' MOTION TO EXCLUDE TESTIMONY, EVIDENCE, OR ARGUMENT AND PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE TESTIMONY**

**I.      Introduction**

Pending before the Court are two motions to exclude or limit testimony in relation to the upcoming bench trial in this fair housing case. Defendants seek an order excluding at trial all testimony, evidence, or argument concerning Defendants' rules governing the use of common facilities by children. [Filing No. 99.] Plaintiff seeks an order precluding Defendants from offering testimony at trial that supplements their Rule 30(b)(6) designee's deposition testimony or from calling any former or current tenants they have failed to identify by name on their witness lists. [Filing No. 105.] For reasons stated below, Defendants' motion is denied, and Plaintiff's motion is denied in part as it relates to precluding Defendants from supplementing their Rule 30(b)(6) designee's deposition testimony, but granted to the extent Defendants cannot supplement and add to their witness list.

### II. Defendants' motion to exclude testimony, evidence, or argument regarding use of common facilities by children

Defendants request that the Court order any testimony, evidence, or argument concerning Defendants' rules governing the use of common facilities be excluded at trial and instruct Plaintiff's counsel not to seek or introduce any testimony of the same. [Filing No. 99.] "[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Defendants argue that Defendants' rules governing the use of common facilities by children are not relevant to Plaintiff's disparate impact claims under both the state and federal Fair Housing Act. [Filing No. 100, at ECF p. 2.] Defendants highlight that this is a disparate impact case, not disparate treatment. *See, e.g., Tex. Dep't of Hous. & Cmty Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 524 (2015) ("In contrast to disparate treatment cases, where a plaintiff must establish that the defendant had a discriminatory intent or motive, a plaintiff bringing a disparate-impact claim challenges practices that have disproportionately adverse effects on minorities and are otherwise unjustified by a legitimate rationale." (Internal citation and quotation marks omitted)). Thus, Defendants argue that their rules related to children in common areas have no relevance to Plaintiff's *prima facie* case. [Filing No. 100, at ECF p. 3.]

While the Court acknowledges that Defendants' alleged discriminatory intent is not at issue, Plaintiff persuasively argues that Defendants' motion should nevertheless be denied. [Filing No. 113.] As set forth in Plaintiff's response, Plaintiff alleges that Defendants' apartment rules contain at least six discriminatory rules governing the use of common facilities by families with children. [Filing No. 113, at ECF p. 1-2.] However, what is at issue is not the intent of the rules, but whether the rules could be reasonably interpreted as safety precautions, or as simply prohibitions that limit children and their families from using common facilities. *See, e.g., Pack v.*

2

*Fort Washington II*, 689 F. Supp. 2d 1237, 1246 (E.D. Cal. 2009) ("[W]hile the Court recognizes the inherent dangers of unsupervised swimming, the requirement of parent or legal guardian supervision transforms this rule from one that could be reasonably interpreted as a safety precaution to one that simply limits children and their families.").  Plaintiff further argues that the existence of allegedly discriminatory rules may also be substantive evidence relevant to assessing Defendants' occupancy restriction under the so-called "Keating Memo" discussed at length in the parties' summary judgment motion and likely to be referenced again at trial.  [Filing No. 113, at ECF p. 2.]  With these considerations in mind, the Court, in its discretion, declines to preclude all evidence related to Defendants' use of common facilities before trial.  Thus, Defendants' motion to exclude this testimony is denied.

### III.     Plaintiff's motion in limine

Plaintiff seeks an order precluding Defendants from offering testimony at trial that supplements the deposition testimony of their Rule 30(b)(6) designee, Paula Condon.  [Filing No. 105.]  Plaintiff conducted Condon's deposition in two sessions.  As set forth in Plaintiff's trial brief, Condon made a number of admissions in her testimony as the designee on behalf of the Sexton Companies, including references to lacking knowledge or information on various topics.  Plaintiff argues that Defendants should not be allowed to supplement Condon's lack of knowledge or lack of information to support their occupancy restriction through the testimony of other officers or employees at trial.  However, all of Plaintiff's concerns can be addressed through cross-examination at trial.

For instance, Plaintiff argues that Defendants should not be allowed to testify about any information documenting or supporting Defendants' claims regarding potential wear and tear caused by larger households because Condon answered "no" to a question about whether she had

specific information that she had "reviewed or read documenting that units occupied by larger households cause more wear and tear than units occupied by smaller households." [Filing No. 112-1, at ECF p. 21.] Condon testified that in her experience, more wear and tear increased with occupants. Any further concerns can be flushed out during cross-examination.

Similarly, Plaintiff argues that Defendants cannot testify about how adding additional occupants would impact Defendants' operating costs. [Filing No. 106, at ECF p. 7.] While Condon testified that she was not aware of any documents created regarding building maintenance costs, this statement does not exclude Defendants from testifying as to the general costs of turnover at the apartment, replacing appliances, and other financial information either discussed at the deposition or not directly asked. Plaintiff further argues that Condon did not have any information regarding over-capacity use of appliances, hot water heaters, and parking, but all of these concerns can be addressed through cross examination. The potential concerns raised are no reason to preemptively preclude all testimony related to these subjects. Thus, Plaintiff's motion is denied as it relates to Plaintiff's request to preclude Condon from supplementing her testimony. Condon can testify, and she will be subject to cross examination and impeachment at trial.

However, Plaintiff also asks that the Court preclude Defendants from calling any former or current tenants whom they have failed to identify on their witness lists. Plaintiff's point out that on March 14, 2024, after the discovery cut off, Defendants filed their amended[1] final witness and exhibit list [Filing No. 62], which includes nine owner or management witnesses Defenses state will testify regarding "M&J Management . . . policies and procedures," "Relevant claims

---

[1] Defendants amended the list because Plaintiff contacted counsel for Defendants and requested that three names be redacted, and as a demonstration of cooperation, Defendants moved to withdraw and filed an amended list with the requested redactions. [Filing No. 63.]

4

and allegations in Plaintiff's complaint," and "Relevant facts and information related to Defendants' defenses." [Filing No. 62, at ECF p. 1-4.] Defendants list another 23 witnesses who are or were property managers or leasing agents at Defendants' properties who will testify about "Relevant facts and information related to Defendants' defenses." [Filing No. 62, at ECF p. 4.] In addition, Defendants list as a witness category "Current or past tenants of Defendants" without identifying any witnesses by name. [Filing No. 62, at ECF p. 12.] However, Defendants concede that they do not intend to call any former or current tenants at trial that were not previously disclosed by name. Thus, this concern is moot. The Court simply takes this moment to reiterate that it is too late to add any additional witnesses now that have not been previously disclosed by name, and Defendants cannot supplement now unless for the purposes of impeachment or cross-examination.

Accordingly, Plaintiff's motion in limine is denied in relation to precluding Condon's testimony, and granted to the extent that Defendants cannot supplement and add to their witness list any witnesses that have not already been formally identified.

### IV.     Conclusion

For these reasons, Defendants' motion to exclude testimony, evidence, or argument is denied. [Filing No. 99.] Plaintiff's motion in limine is denied in part and granted in part. [Filing No. 105.]

Date: 10/25/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email